## D. WEBSTER KING *vs.* MURPHY VARNISH COMPANY.

Suffolk.   November 14, 1904. — May 17, 1905.

Present : KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Landlord and Tenant.   Covenant.*

A lease contained a covenant that "no act or thing shall be done upon the said premises, which may make void or voidable any insurance of the said premises or building against fire, or may render any increased or extra premium payable for any such insurance." The lessee who was engaged in the varnish business put into the insured building large tanks for the storage of varnish. Later the insurance rate on the building was raised on account of the presence of the tanks of varnish, and the lessor having paid the extra premiums sued the lessee on the covenant. *Held,* that the plaintiff could recover the amount of the extra premiums thus paid by him, even if when he made the lease he had known the extent of the defendant's business and his manner of conducting it elsewhere by storing varnish in large tanks, there being nothing to limit the application of the covenant to risks incurred by a change in the defendant's manner of conducting his business. The plaintiff was not shown to have known these things.

MORTON, J.   This is an action of contract to recover damages for the breach of a covenant by the defendant in a written lease from the plaintiff to him of certain premises on Batterymarch Street in Boston. The covenant is as follows: " No act or thing shall be done upon the said premises, which may make void or voidable any insurance of the said premises or building against fire, or may render any increased or extra premium payable for any such insurance." The defendant is engaged in the varnish business and put into the premises large tanks for the storage of varnish. Subsequent thereto the insurance rate on

the plaintiff's building was increased and he was obliged to pay more for insurance on the building. This action is brought to recover for the additional sum thus paid. The case is here on exceptions by the defendant to the refusal of the judge to rule as requested by it that the plaintiff could not recover, and to a finding for the plaintiff. We think that the ruling and finding were right.

The defendant's contention is in substance, as we understand it, that the covenant is to be construed as applying to the use of the premises for the defendant's business as carried on by it at the time when the lease was executed, and as meaning that no change should be made by the defendant in the method of carrying on its business which would cause any increase in the rate of insurance on the plaintiff's building. And it says that the storing of varnish in tanks in other premises occupied by it was and had been for many years one of the methods in which it carried on its business, and that it was so carrying it on at the time when the lease was executed, and that the increase in the rate of insurance was not due to any change by it in its method of doing business, but to a change of opinion on the part of the board of underwriters as to the risk attending the business as carried on by the defendant, and that it is not, therefore, liable under the covenant for any sums paid by the plaintiff on account of the increase in the rate of insurance. But it is to be observed, if material, that though the plaintiff knew that the defendant was engaged in the varnish business, there is nothing to show that either he or his son, through whom the negotiations for the lease were carried on, knew the extent of the defendant's business, or how it was conducted, or that the defendant stored varnish in large tanks on premises occupied by it. To give the covenant, therefore, the construction contended for by the defendant would be going beyond what the lessor could be held to have reasonably contemplated. But we think that the covenant cannot properly be construed, and should not be construed as the defendant contends. There is no provision in the lease, express or implied, as to the nature of the business to be carried on upon the premises. For aught that appears the defendant could use them for any purpose to which they were adapted. There is nothing in the covenant which limits its application to

an increase due· to a change by the defendant in the mode of carrying on the business in which it was engaged, and for which it may be assumed that it intended, with the knowledge of ·the plaintiff, to use the premises. The covenant is in general terms, and if it operates as a restriction upon the use of the premises by the defendant, as it has been accustomed to use premises occupied by it, that is no reason why it should not be enforced. It provides in express terms that no act or thing shall be done by the lessee which may make any insurance on the building against fire void or may render any increased premium payable for such insurance. We see no reason for limiting the natural import of the language used, and we think that the act of the defendant in storing varnish in tanks on the premises comes within its terms if thereby the insurance on the plaintiff's building was increased. The cases of *Quincy* v. *Carpenter*, 135 Mass. 102, and *Browne* v. *Niles*, 165 Mass. 276, cited by the defendant are materially different from this case. In the first case the question involved was the construction of a receipt that had been given for extra insurance, and in the second, the lease was made with a full knowledge on the part of the lessors of the business that had ·been carried on upon the premises and of the use to which the premises were to be put in continuing the business, and the question was whether the lessors were entitled to an injunction restraining a nuisance thus caused; and the court held that they were not, saying at the same time that the plaintiffs could resort to an action for damages on the covenant of the lessees to pay all damages for any nuisance made or suffered by them on the premises.

*Exceptions overruled.*

*A: H. Russell*, for the defendant.
*H. W. Barnum*, for the plaintiff.